FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 24 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

JOHN W. POLLARD,

        Petitioner,

 -against-

DUKE TERRELL, Warden MDC-Brooklyn,

        Respondent.
--------------------------------------------------------------- X

10-CV-4811(ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

John W. Pollard petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges several aspects of the Bureau of Prisons' ("BOP") administrative procedure, including the mailing system and the rules governing the deadline for appeals. For the reasons set forth below, petitioner is given forty-five (45) days to amend his petition and/or file a complaint alleging a deprivation of his constitutional rights.

## I. BACKGROUND

Petitioner John W. Pollard was sentenced by the United States District Court in the Northern District of West Virginia to 60 months' imprisonment and a four-year term of supervised release following pleading guilty to narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and possessing a firearm in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2). According to his petition, Pollard began serving his prison sentence at the Federal Correctional Institution (FCI) at Fort Dix, New Jersey. Over the course of his incarceration at Fort Dix, Petitioner filed several administrative remedy requests, or "BP-9s",[1] to Warden Donna

---

[1] BP-9, BP-10 and BP-11 refer to Administrative Remedy Request forms that correspond to the three steps of administrative review before the BOP. Under BOP regulations, an inmate seeking review of any "issue relating to any aspect of his/her own confinement," 28 C.F.R. § 542.10(a), must first present the issue to BOP staff for

1

Zickefoose. Pet. at 2. On at least one occasion, petitioner filed an administrative remedy request alleging that Warden Zickefoose "violat[ed] his rights." Resp. at 3.[2] On June 8, 2010, petitioner was transferred to the Brooklyn Metropolitan Detention Center ("MDC-Brooklyn) in the Eastern District of New York. Pet. at 1. Petitioner filed several more requests for administrative remedies through the BOP procedure, including a request for his "legal materials" and prior administrative remedy responses. Petitioner also sought a ruling that administrative remedy documents be treated as "legal mail" pursuant to 28 C.F.R. § 540.19, instead of as general correspondence. Resp. at 2-3.

On October 8, 2010, still incarcerated in MDC-Brooklyn, Pollard submitted the instant petition to this court. Petitioner alleges Warden Zickefoose's responses to his administrative remedy requests were purposely delayed such that petitioner's appeals from such responses would inevitably be deemed untimely and rejected. In other words, the Warden would fail to issue his response to administrative remedy requests until just before or even after petitioner's time to appeal that response would expire, rending petitioner's appeal untimely. Moreover, petitioner alleges that Warden Zickefoose improperly sent his "legal papers" to Beaumont, Texas, when he was still scheduled to remain in MDC-Brooklyn for several months. Pet. at 1. The petitioner seeks from the court an order declaring (1) that administrative remedy correspondence in prison be deemed "legal mail" or "special mail" subject to the requirements of 28 C.F.R. 540.19; (2) that BOP guidelines stating that the deadline for administrative appeal runs from the time the response is signed by the administrator rather than when received by the

---

attempted informal resolution. § 542.13(a). Within 20 days of the occurrence giving rise to the request for relief, the inmate must file a formal complaint to the warden via a BP-9 form. § 542.14(a). If the Warden's response is unsatisfactory, an inmate may submit an appeal via a B-10 form to the appropriate Regional Director. § 542.15(a). Finally, the inmate may appeal the Regional Director's response to the General Counsel via a BP-11 form.

[2] Neither party's submissions provide a record of the administrative remedies or even a description as to what administrative remedies Pollard sought at Fort Dix.

inmate are contrary to law; (3) that petitioner be granted extensions to file his administrative appeals previously declared untimely; and (4) that petitioner be "reunited with his legal materials." Pet. at 3.

On October 28, 2010, petitioner was transferred out of MDC-Brooklyn to the Federal Correctional Complex in Beaumont, Texas. Resp. at 2.

## II. DISCUSSION

### A. Jurisdiction

As an initial matter, respondent argues that the court should dismiss or transfer the petition for lack of jurisdiction because petitioner is now held in Beaumont, Texas. 28 U.S.C. § 2241(a) limits district courts to granting habeas relief "within their respective jurisdictions." Where, however, a prisoner is moved after "proper[ly] fil[ing] a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's relief." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); see Ex Parte Endo, 323 U.S. 283, 306 ("Th[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court."). Petitioner properly filed his petition in the Eastern District of New York while being held in the Brooklyn Metropolitan Detention Center. This court may therefore retain jurisdiction over the instant petition.

### B. Petitioner's Claims Attacking BOP Administrative Remedy Procedure. 28 C.F.R. §§ 542.10-19

Although 28 U.S.C. § 2241 is available to challenges concerning the execution of a federal sentence, "including the administration of parole, computation of sentence, prison disciplinary actions, prison transfers, and type of detention and prison conditions," Chambers v.

United States, 106 F.3d 472, 474-75 (2d Cir. 1997), petitioner's claims cannot properly considered under any of these rubrics. From the record before the court, petitioner appears to challenge neither the fact nor the duration of his confinement—"core habeas" claims often litigated under 28 U.S.C. § 2254 and § 2255—nor the conditions of his confinement, often litigated under § 2241. Instead, the court construes the pro se petition to make a facial constitutional challenge to the prison regulations governing the administrative remedies and appeals process.

First, petitioner argues that all administrative-remedy-related correspondence should be deemed "legal mail." Under 28 C.F.R. § 540.19(a), "legal correspondence" is subject to certain conditions; specifically, that prison staff "mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the incoming legal mail." Second, petitioner argues that the regulations governing BOP appeals deadlines, 28 C.F.R. §§ 542.15(a), 542.18, running the time from which an appeal is due from the date the administrator signs his response to the BP-9, BP-10 or BP-11 request form deprives inmates of their constitutional rights. Petitioner asserts that, in order to comport with due process requirements, petitioner's deadline for appeal should instead run from the time the administrator's response is received by the inmate.

The parties' submissions point the court to the factual context of only four administrative remedy proceedings involving the petitioner: (1) an August 10, 2010 request that administrative remedies be treated as "special mail," (2) a September 16, 2010 request for copies of his administrative remedies, (3) an August 10, 2010 request for his legal materials, and (4) a May 25, 2010 allegation that his warden at Fort Dix, New Jersey had "violated his rights." Resp. Br.

4

at 2-3 (discussing petitioner's failure to exhaust his habeas claims). On their face, and without additional details, this court cannot determine whether resolution of petitioner's claims would possibly effect any change on the condition of petitioner's confinement. Without a showing of how such procedural deficiencies alter petitioner's fact, duration or condition of confinement, a writ of habeas corpus pursuant to § 2241 is not the appropriate form of relief.

Of course, a court should construe a pro se litigants request for relief liberally, and if a pro se litigant "pleads facts that would entitle him to relief, that petition should not be dismissed only because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d. Cir. 2008); Chambers, 106 F.3d at 475 ("[I]t is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."). The court finds that petitioner's claims might be more properly characterized as a civil rights action seeking monetary or injunctive relief under Bivens v. Six Unknown Named Agents, 403 U.S. 399 (1971). Bivens recognized a judicially created remedy that enables individuals to bring an action in federal court against federal officers sued in their individual capacities, who have violated their constitutional rights. Dotson v. Griesa, 398 F.3d 156, 165-66 (2d Cir. 2005).

Nevertheless, on the pleadings before it, the court is unable to determine how petitioner's rights may have been deprived, if at all, and therefore how to fashion appropriate relief. In the interests of justice, and to give respondents a chance to rebut petitioner's substantive claims, the court therefore grants petitioner leave to file an amended petition or complaint within forty-five (45) days of this order. Respondent shall file a response thirty (30) days after service of petitioner's repleading. In his amended pleadings, petitioner should either explain how the procedures he challenges will affect either the fact or duration of his confinement or the

execution of his sentence, and therefore whether the court may properly fashion habeas relief under § 2241. Alternatively or additionally, petitioner may wish re-stylize his complaint as a civil rights action under Bivens, alleging a deprivation of constitutional rights by the federal government. If so, petitioner should provide specific facts explaining how he was injured by such deprivations. To the extent respondent relies on non-exhaustion of remedies as grounds for dismissal of petitioner's claims, respondent shall provide a record to the court indicating petitioner's failure to exhaust administrative remedies. In any event, respondent's opposition should also address the merits of petitioner's claims.

### 3. Petitioner's Legal Papers

It appears from the parties' submissions that petitioner's fourth request for relief, that he be "reunited with his legal papers," is now moot. Petitioner claimed that his legal materials had been "sent to Beaumont, Texas even though petitioner has been held at MDC-Brooklyn since June 8, 2010 and is expected to remain there several more months before he is sent to his desti[n]ation of Beaumont, Texas." Pet. at 1. Petitioner was transferred to the Eastern District of Texas in Beaumont, Texas on October 28, 2010, where he presumably caught up with his legal papers. Resp. Br. at 2. Petitioner's claim for return of his "legal papers" is therefore dismissed. If petitioner finds himself still without his legal papers in Beaumont, he may commence an action to the appropriate administrative body or a court in the district in which he now resides.

## III. CONCLUSION

Petitioner's claim for return of his legal papers is dismissed as moot. Petitioner is given forty-five (45) days leave from the date of this order to replead his petition for writ of habeas corpus pursuant to § 2241 or to re-stylize his pleading as a civil complaint as stated above. If plaintiff fails to amend his petition, the action may be dismissed without prejudice. Respondent shall file a renewed response within thirty (30) days after service of petitioner's repleading.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: October 24, 2011
Brooklyn, New York

**SERVICE LIST**

<u>Pro Se Petitioner</u>

John W. Pollard
# 05990-087
FCI Beaumont Low
Federal Correctional Institution
P.O. Box 26020
Beaumont, TX 77720